PER CURIAM.
After pleading guilty to simple burglary, the defendant appeals that his sentence to 4V2 years at hard labor was excessive because he neither contemplated nor acted to cause or threaten “serious harm”, he acted under “strong provocation”, and the victim has been or will be compensated for the items stolen from her. LSA-Const. Art. 1, § 20. CCrP 894.1.
The trial court’s comments in the sentencing hearing included statements to the effect that defendant was not justified in stealing the personal clothing of the. victim even if the victim owed defendant some money, that several hundred dollars worth of clothing was taken, that the victim had not been compensated for her “substantial loss”, and that “serious harm” in this respect was caused to her. In fact, these comments were made in conjunction with the specific subsections of CCrP 894.1 upon which defendant relies to show excessiveness.
Among other things, the court considered the defendant’s age (28) and discussed with defendant his history of having been convicted more than a dozen times in 11 years of such crimes as theft and shoplifting (3 *374 times), assault with a dangerous weapon, unauthorized use of a movable, simple battery (2 times), aggravated assault (2 times), simple assault (2 times), possession of marijuana, and disturbing the peace and simple battery, the sentence for which was suspended. Under these circumstances, the sentence is not excessive and defendant has not shown that the trial court failed to follow CCrP 894.1 guidelines. See and compare State v. Latin, 412 So.2d 1357 (La.1982).
AFFIRMED.